IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2005-WL1,<br><br>    Plaintiff,<br><br>v.<br><br>BILLY RAY FRIEND and DINA FRIEND,<br><br>    Defendants. | No. 3:20-cv-00005-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this mortgage foreclosure action is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 7) filed by Defendants Billy Ray Friend and Dina Friend. For the reasons stated, the Motion should be DENIED.

## Background

On December 19, 1996, Defendant Billy Ray Friend purchased a home in Burleson, Texas (the Property). Compl. 2, ¶ 6. (ECF No. 1). Eight years later, Friend and his wife Defendant Dina Friend refinanced the Property with a loan from Long Beach Mortgage Company (Long Beach). *Id*. ¶ 7. As part of that transaction, Defendants executed a Texas Home Equity Fixed/Adjustable Rate Note, Texas Home Security Instrument, and Texas Home Equity Affidavit and Agreement. *Id*. On January 2, 2020, Plaintiff Deutsche Bank National Trust Company (Deutsche

Bank) filed its Complaint in this Court, asserting several state law claims, including one for judicial foreclosure. Deutsche Bank alleges it currently possesses the Note, endorsed in blank by Long Beach, and is entitled to collect under it. *Id.* 3, ¶¶ 13-14. Deutsche Bank further alleges that Defendants are in default, that it provided them the required notice of default and intent to accelerate, and that by its Complaint it has accelerated the Note. *Id.* 4-5, ¶¶ 16-18, 22. In response, Defendants filed the Motion to Dismiss arguing that federal diversity jurisdiction is lacking because Deutsche Bank failed to identify in the Complaint all the shareholders of Long Beach Mortgage Loan Trust 2005-WL1 (the Trust). Mot. 2, ¶ 2. Deutsche Bank filed a response. Defendants did not file a reply, and the time to do so has expired. Accordingly, the Motion is ripe for determination.

## Legal Standards and Analysis

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted).

2

In this case, federal jurisdiction is predicated on diversity of citizenship under 28 U.S.C. § 1332. Compl. 2, ¶ 4. A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and all parties in the matter are completely diverse. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity requires that *each* plaintiff is completely diverse from *each* defendant. *Id.* In other words, complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal alterations and quotations omitted).

Defendants argue that the plaintiff in this action is the Trust and that, under *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016), Deutsche Bank is required to allege the citizenship of all the shareholders of the Trust to establish diversity jurisdiction. This argument is without merit. For the purposes of establishing diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). In *Navarro*, the Supreme Court stated that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.* at 464. On the other hand, an unincorporated legal entity such as a trust "possesses the citizenship of all its members." *Americold*, 136 S. Ct. at 1016. However, as the Fifth Circuit explained in *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset–*

3

*Backed Certificates Series 2006–24*, 866 F.3d 351 (5th Cir. 2017), "*Navarro*'s rule 'coexists' with *Americold*'s," and "if the trustee sues or is sued in the trustee's own name, then *Navarro*'s rule controls." *Bynane*, 866 F.3d at 357-88. Here, there is no dispute that Deutsche Bank, not the Trust, filed the lawsuit in its own name in its capacity as trustee for the Trust. Moreover, Deutsche Bank responds to the Motion to Dismiss stating that it possesses powers to hold, manage, and dispose of the Trust assets for the benefit of others, Resp. 2-3 (ECF No. 9), and Defendants do not dispute that contention. Accordingly, it is Deutsche Bank's citizenship as trustee, not the citizenship of the beneficiaries of the Trust, that controls for diversity jurisdiction purposes. *See id.*; *see also Citibank, N.A. as Tr. for CMLTI Asset Tr. v. Wall*, 2019 WL 7494442, at *5 (N.D. Tex. Dec. 9, 2019), *adopted by* No. 3:19-cv-01387-G-BN, document 22 (N.D. Tex. Jan. 7, 2020). Deutsche Bank's main office is in New York, meaning its citizenship is in New York. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Defendants are citizens of Texas, Mot. 5, ¶ 9, and that the amount in controversy exceeds $75,000, Compl. 5, ¶ 23. Therefore, Deutsche Bank has established diversity jurisdiction exists.

## Recommendation

Defendant's Motion to Dismiss (ECF No. 7) should be DENIED.

**SIGNED** August 10, 2020.

                                                                               REBECCA RUTHERFORD
                                                                               UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).